IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MARY S.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,[1]<br>**Acting Commissioner of Social Security,**<br><br>　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No. 2:20-cv-00830-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[2] Before the court is Plaintiff Mary S.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, all of Plaintiff's arguments on appeal fail. Therefore, the Commissioner's decision in this case is affirmed.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), she has been substituted for Commissioner Andrew M. Saul as the Defendant in this action. ECF No. 20.

[2] ECF No. 11.

[3] 42 U.S.C. §§ 401-434.

## PROCEDURAL BACKGROUND

In 2003, the Commissioner determined that Plaintiff was disabled and entitled to DIB beginning on June 22, 2002.[4] As part of a continuing disability review, the Commissioner later determined that Plaintiff's disability ended on December 1, 2016, and, therefore, that Plaintiff was no longer entitled to DIB.[5] Plaintiff requested reconsideration of that decision,[6] and upon reconsideration, the Commissioner again concluded that Plaintiff's disability ended on December 1, 2016.[7]

Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").[8] Plaintiff appeared with counsel at the hearing on December 30, 2019.[9] On January 16, 2020, the ALJ issued a written decision in which he followed the required process for determining whether Plaintiff continued to be disabled.[10] The ALJ determined that: (1) Plaintiff had not engaged in substantial gainful activity through the date of the ALJ's decision; (2) since December 1, 2016, Plaintiff's impairments did not meet or equal a section of Appendix 1 of the relevant regulations (individually, "listing" and collectively, "listings");[11] (3) Plaintiff experienced medical

---

[4] ECF No. 15, Administrative Record ("AR ___") 79-81.

[5] AR 85-96, 110-14.

[6] AR 118-19.

[7] AR 98, 134-52.

[8] AR 156-57.

[9] AR 39-78.

[10] AR 16-38.

[11] 20 C.F.R. § 404, Subpart P, Appendix 1.

improvement on December 1, 2016; (4) Plaintiff's medical improvement was related to her ability to work; (5) since December 1, 2016, Plaintiff continued to have severe impairments; (6) since December 1, 2016, Plaintiff had the residual functional capacity ("RFC") to perform light work with certain limitations but could not perform her past relevant work; and (7) since December 1, 2016, given Plaintiff's age, education, work experience, and RFC, there were a significant number of jobs in the national economy that she could perform.[12] Based upon those determinations, the ALJ concluded that Plaintiff was no longer disabled as of December 1, 2016.[13]

Plaintiff appealed the ALJ's adverse ruling,[14] and, on October 2, 2020, the Appeals Council denied her appeal,[15] making the ALJ's decision final for purposes of judicial review.[16] On November 24, 2020, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[17]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal

---

[12] AR 21-28.

[13] AR 28.

[14] AR 231-68.

[15] AR 1-6.

[16] 42 U.S.C. §§ 405(g); 20 C.F.R. § 404.981.

[17] ECF No. 3.

standards were applied."[18] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[19] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[20] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[21] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[22]

To determine whether to terminate or continue a claimant's DIB, the Commissioner must consider "if there has been any medical improvement in [the claimant's] impairment(s) and, if so, whether this medical improvement is related to [the claimant's] ability to work."[23] Medical improvement is defined as

> any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with [the claimant's] impairment(s).[24]

---

[18] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[19] 42 U.S.C. § 405(g).

[20] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[21] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[22] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[23] 20 C.F.R. § 404.1594(a).

[24] 20 C.F.R. § 404.1594(b)(1).

Medical improvement is related to the ability to work "if there has been a decrease in the severity . . . of the impairment(s) present at the time of the most recent favorable medical decision and an increase in [the claimant's] functional capacity to do basic work activities" that allows the claimant "to engage in substantial gainful activity."[25] The Commissioner bears the burden of establishing both the claimant's work-related medical improvement and current ability to engage in substantial gainful activity.[26]

"An eight-step sequential evaluation process is used in termination-of-benefit reviews."[27] At the first step, the Commissioner considers whether the claimant is engaging in substantial gainful activity.[28] If the claimant is engaged in substantial gainful activity, she is no longer considered disabled.[29] If, however, the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to the next step.

The second step requires the Commissioner to consider whether the claimant's impairments meet or equal listing.[30] If the claimant's impairments meet or equal a listing, her

---

[25] 20 C.F.R. § 404.1594(b)(3).

[26] *Hayden v. Barnhart*, 374 F.3d 986, 988 (10th Cir. 2004).

[27] *Id.*; *see* 20 C.F.R. § 404.1594(f)(1)-(8).

[28] 20 C.F.R. § 404.1594(f)(1).

[29] *Id.*

[30] 20 C.F.R. § 404.1594(f)(2); *see also* 20 C.F.R. § 404, Subpart P, Appendix 1.

disability will be found to continue.[31] If, on the other hand, the claimant's impairments do not meet or equal a listing, the Commissioner moves to the next step.

At step three, the Commissioner considers whether there has been medical improvement, as defined above, in the claimant's conditions.[32] If there has been medical improvement in the claimant's conditions, the Commissioner proceeds to step four.[33] If there has not been medical improvement in the claimant's conditions, the Commissioner proceeds to step five.[34]

The fourth step requires the Commissioner to determine whether the demonstrated medical improvement is related to the claimant's ability to work.[35] The consideration at this step is whether there has been an increase in the claimant's RFC based on the impairments that were present at the time of the claimant's most recent favorable medical determination.[36] If the medical improvement is related to the claimant's ability to work, the Commissioner proceeds to step six.[37] If it is not, then the Commissioner proceeds to step five.[38]

At step five—which is reached only if the Commissioner determines that there has been no medical improvement or that the medical improvement is not related to the claimant's ability

---

[31] 20 C.F.R. § 404.1594(f)(2).

[32] 20 C.F.R. § 404.1594(f)(3).

[33] *Id*.

[34] *Id*.

[35] 20 C.F.R. § 404.1594(f)(4).

[36] *Id*.

[37] *Id*.

[38] *Id*.

to work—the Commissioner considers whether any of the exceptions to medical improvement contained in 20 C.F.R. § 404.1594(d) or (e) apply.[39] If none of them applies, then the claimant is still disabled.[40] If any of the first group of exceptions applies, the Commissioner proceeds to step six.[41] If any of the second group of exceptions applies, the Commissioner will determine that the claimant's disability has ended.[42]

At the sixth step—which is reached only if the Commissioner determines that there has been medical improvement related to the claimant's ability to work or if one of the first group of exceptions to medical improvement applies—the Commissioner considers whether all of the claimant's impairments in combination are severe.[43] If all of the claimant's impairments in combination are deemed to be severe, the Commissioner proceeds to step seven.[44] If not, then the claimant is no longer disabled.[45]

The seventh step requires the Commissioner to consider whether the claimant can engage in substantial gainful activity.[46] The Commissioner first determines whether the claimant has the

---

[39] 20 C.F.R. § 404.1594(f)(5).

[40] *Id*.

[41] *Id*.

[42] *Id*.

[43] 20 C.F.R. § 404.1594(f)(6).

[44] *Id*.

[45] *Id*.

[46] 20 C.F.R. § 404.1594(f)(7).

RFC to engage in work he or she has done in the past.[47] If the claimant can perform such work, then the claimant is no longer disabled.[48] If not, the Commissioner proceeds to step eight.

At step eight, the Commissioner considers whether the claimant can do other work considering the claimant's age, education, past work experience, and RFC.[49] If the claimant can perform other work, the Commissioner will determine that the claimant's disability has ended.[50] If not, the Commissioner will determine that the claimant is still disabled.[51]

## ANALYSIS

Plaintiff argues that the ALJ erred: (I) in his consideration of the listings; (II) by considering Plaintiff's daily activities in assessing her ability to work; and (III) by determining that Plaintiff experienced medical improvement. As shown below, all of Plaintiff's arguments fail. Therefore, the court affirms the Commissioner's decision.

**I.      The ALJ Did Not Err in Considering the Listings.**

Plaintiff argues that the ALJ erred by considering only listing 12.04 and that, instead, the ALJ should have determined that Plaintiff met or equaled the requirements of listing 12.02. Plaintiff's argument fails because she does not challenge the ALJ's determinations that she did not meet or equal the requirements of Paragraph B and Paragraph C of listing 12.04.

---

[47] *Id*.

[48] *Id*.

[49] 20 C.F.R. § 404.1594(f)(8).

[50] *Id*.

[51] *Id*.

Listing 12.02 and 12.04 each contain a Paragraph B and a Paragraph C, which set forth certain requirements that must be satisfied to meet or equal each of those listings. The Paragraph B and Paragraph C criteria for listings 12.02 and 12.04 are identical.[52] In his decision, the ALJ determined that Plaintiff failed to satisfy the requirements of Paragraph B and Paragraph C of listing 12.04.[53] Plaintiff does not challenge those determinations. Given that the Paragraph B and Paragraph C criteria are the same for listing 12.02 and 12.04, it logically follows that Plaintiff could not satisfy the requirements of Paragraph B and Paragraph C of listing 12.02. Consequently, Plaintiff's argument must fail.[54]

## II.   The ALJ Did Not Err by Considering Plaintiff's Daily Activities in Assessing Her Ability to Work.

Plaintiff contends that the ALJ erred by considering "one-time activities" in assessing Plaintiff's ability to work. Although not entirely clear, Plaintiff's challenge appears to be directed to the ALJ's evaluation of Plaintiff's allegations concerning her symptoms. Plaintiff's argument fails because not only was it appropriate for the ALJ to consider Plaintiff's daily activities when evaluating her reports of symptoms, but the relevant regulations required the ALJ to do just

---

[52] *Compare* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.02(B)-(C) *with* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.04(B)-(C).

[53] AR 21-23.

[54] *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." (emphasis in original)); *Lax*, 489 F.3d at 1085 ("To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment.").

that.[55] Therefore, the ALJ did not err by considering Plaintiff's daily activities. Furthermore, the ALJ did not consider only Plaintiff's daily activities when assessing Plaintiff's reported symptoms.[56] Indeed, the ALJ also considered other appropriate factors, including conflicts between Plaintiff's statements about her symptoms and the medical evidence,[57] as well as the medications and treatment Plaintiff received for her symptoms.[58]

In an attempt to support the foregoing argument, Plaintiff reargues the weight of the evidence before the ALJ to show that Plaintiff can only intermittently perform the daily activities the ALJ relied upon. That tactic is unavailing on appeal. The court does not reweigh the evidence before the ALJ.[59] From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.[60] Thus, the court rejects Plaintiff's invitation to reweigh the evidence.

---

[55] 20 C.F.R. § 404.1529(c)(3)(i) (providing that a factor relevant in evaluating a claimant's symptoms, including pain, is "daily activities").

[56] AR 23-27.

[57] 20 C.F.R. § 404.1529(c)(4) (providing that a factor relevant in evaluating a claimant's symptoms, including pain, is inconsistencies between a claimant's statements about symptoms and other record evidence).

[58] 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (providing that factors relevant in evaluating a claimant's symptoms, including pain, are medications and treatment a claimant has received for pain or other symptoms)

[59] *Madrid*, 447 F.3d at 790.

[60] *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting

### III.   The ALJ Did Not Err by Determining That Plaintiff Experienced Medical Improvement.

Plaintiff asserts that the ALJ erred by determining that Plaintiff experienced medical improvement. In advancing that argument, Plaintiff points to select evidence from 2003 through 2014 that, according to Plaintiff, the ALJ either misinterpreted or failed to consider. Plaintiff's reliance upon that evidence fails for two reasons. First, as noted by the Commissioner, that evidence was from a time period when the Commissioner had already deemed Plaintiff disabled. Indeed, it was not until December 1, 2016, that Plaintiff was found to have experienced medical improvement. Second, by relying on select portions of the record, Plaintiff reargues the weight of the evidence before the ALJ. Again, it is not this court's role on appeal to reweigh the evidence.[61] For those reasons, Plaintiff's argument concerning the ALJ's finding of medical improvement fails.

### CONCLUSION AND ORDER

As demonstrated above, all of Plaintiff's arguments on appeal fail. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

DATED this 29th day of March 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

[61] *Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790.